IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSE MORETA, | § | |
| | § | No. 135, 2022 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below–Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1603013733 (N) |
| Appellee. | § | |
| | § | |

Submitted: February 15, 2023
Decided: April 26, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the no-merit brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the Superior Court record, it appears to the Court that:

(1)     On March 17, 2016, Christian Serrano was shot and killed, and Jerry DeLeon was shot and wounded following a confrontation with the appellant, Jose Moreta and Joshua Gonzalez, in the City of Wilmington. For his role in the shooting and its aftermath, Moreta was charged by indictment with first-degree murder, attempted first-degree murder, first-degree reckless endangering, three counts of possession of a firearm during the commission of a felony ("PFDCF"), carrying a

concealed deadly weapon, first-degree conspiracy, second-degree burglary, aggravated act of intimidation, and resisting arrest.

(2) The case proceeded to a jury trial in January 2018. Evidence presented at trial—including, among other things, video surveillance, still photographs, and eyewitness testimony—fairly established the following facts. Moreta and Gonzalez were together in the area of West 4th Street and North Franklin Street over the course of several hours in the afternoon of March 17, 2016. During this time, DeLeon, Serrano, and Alfredo Gonzalez ("Alfredo")[1] were passing the time in a house nearby when they received word that a friend of theirs, Hector Guzman, had been threatened. The trio left the house to investigate the rumor and encountered Moreta and Gonzalez. DeLeon accused Moreta of "chasing" Guzman, an allegation that Moreta denied. After some back-and-forth, Moreta told Gonzalez to "hit him."[2] Gonzalez did not take any action, but DeLeon smacked Moreta. DeLeon, Serrano, and Alfredo then walked away. The trio soon realized that Moreta and Gonzalez were following them, and Alfredo ran ahead to alert their friends. Shortly thereafter, Gonzalez, with Moreta by his side, fired eight shots down North Connell Street in the direction of DeLeon and Serrano, wounding DeLeon and killing Serrano.

---

[1] Because Alfredo and Joshua share the same last name, we refer to Alfredo by his first name in pursuit of clarity. We intend no familiarity or disrespect.

[2] DeLeon testified that it was unclear to whom "him" referred.

2

Photographs taken by a nearby resident show Moreta and Gonzalez fleeing the scene in opposite directions. A responding police officer followed Moreta to a nearby house, where he was taken into custody unarmed. Although the evidence did not support a finding that Moreta had personally shot DeLeon or Serrano, the State argued that Moreta was guilty as an accomplice because Gonzalez acted at Moreta's bidding.

(3) Following the close of the State's case, the Superior Court granted Moreta's motion for judgment of acquittal for aggravated act of intimidation. The Superior Court jury found Moreta guilty of first-degree murder, attempted first-degree murder, first-degree reckless endangering, three counts of PFDCF, first-degree conspiracy, and first-degree trespass (as a lesser-included-offense of second-degree burglary). The jury acquitted Moreta of resisting arrest. Following a presentence investigation, the Superior Court sentenced Moreta to life imprisonment, plus a term of years.

(4) On direct appeal, Moreta argued that the trial court erred by admitting Gonzalez's Facebook post under the co-conspirator hearsay exception and that the prosecutor tainted the State's summation by opining as to Moreta's guilt. We affirmed the judgment of the Superior Court.[3]

---

[3] *Moreta v. State*, 2019 WL 1752616 (Del. Apr. 16, 2019).

(5) In April 2020, Moreta, with the assistance of counsel, filed a timely motion for postconviction relief alleging ineffective assistance of counsel. Specifically, Moreta claimed that trial counsel had been ineffective by (i) failing to object to portions of Guzman's testimony, (ii) failing to object to the chief investigating officer's "narrative" testimony, (iii) failing to object to the chief investigating officer's "expert" testimony about social media and street slang, and (iv) failing to object to the prosecutor's closing remarks about the social media evidence admitted at trial. After enlarging the record with briefing and trial counsel's affidavit responding to Moreta's allegations, a Superior Court commissioner recommended that the Superior Court deny Moreta's motion.[4] On April 5, 2022, the Superior Court issued an order adopting the commissioner's report and recommendation and denying Moreta's motion for postconviction relief. This appeal followed.

(6) Moreta's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). Counsel asserts that, after a complete and careful examination of the record, he could not identify any arguably appealable issues. Moreta's attorney informed Moreta of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and a draft of the accompanying brief. Counsel also

_____

[4] *State v. Moreta*, 2022 WL 541079 (Del. Super. Ct. Feb. 23, 2022).

4

informed Moreta of his right to supplement his attorney's presentation. Moreta has raised issues for the Court's consideration, which counsel included in his Rule 26(c) brief. The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(7)    The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold. First, the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could be arguably raised on appeal.[5] Second, the Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[6]

(8)    In the points that Moreta has submitted for the Court's consideration, Moreta claims that the accomplice-liability instruction failed to instruct the jury that it needed to find that Moreta had acted with the requisite *mens rea* for each of the charged offenses. Because Moreta did not raise this claim in the Superior Court in the first instance, we review it for plain error.[7] We find no plain error here. Moreta

---

[5] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[6] *Penson*, 488 U.S. at 81-82.

[7] Del. Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented.").

did not challenge the accomplice liability instruction in the proceedings leading to his judgment of conviction; therefore, his claim that the liability instruction was defective is procedurally barred under Superior Court Criminal Rule 61(i)(3).[8] In any event, the claim is without merit: the record reflects that the jury instructions properly advised the jury that it was the State's burden to prove, beyond a reasonable doubt, Moreta's state of mind as well as every element of each of the charged offenses. It follows that Moreta's claims that trial counsel and appellate counsel were ineffective for failing to object to the accomplice-liability jury instruction are also without merit.

(9) The Court has reviewed the record carefully and has concluded that Moreta's appeal is wholly without merit and devoid of any arguably appealable issue. We are also satisfied that Moreta's counsel has made a conscientious effort to examine the record and the law and has properly determined that Moreta could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court be AFFIRMED. Counsel's motion to withdraw is moot.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[8] Del. Super. Ct. Crim. R. 61(i)(3) (barring consideration of any claim that was not asserted in the proceedings leading to the judgment of conviction unless the movant shows cause and prejudice).